952 So.2d 736 (2007)
Homer Lee THORNTON, Jr.
v.
Theresa B. THORNTON.
No. 2005 CA 2658.
Court of Appeal of Louisiana, First Circuit.
January 24, 2007.
Charlotte A. Pugh, Denham Springs, for Plaintiff/Appellee, Homer Lee Thornton, Jr.
*737 Larry Starns, Denham Springs, for Defendant/Appellant, Theresa B. Thornton.
(Court composed of Judge DENNIS R. BAGNERIS, Sr., Judge MICHAEL E. KIRBY and Judge ROLAND L. BELSOME, serving as judges ad hoc by special appointment of the Louisiana Supreme Court).
MICHAEL E. KIRBY, Judge, Ad Hoc.
Appellant, Theresa B. Thornton Gatlin, appeals the trial court's judgment of partition. This judgment involves property owned by her and/or her former husband, Homer Lee Thornton, Jr., the appellee in this matter. Specifically, Ms. Gatlin contends that the trial court erred in failing to award her one-half of the income collected by Mr. Thornton following termination of the community regime for rental of a building owned jointly by Mr. Thornton and Ms. Gatlin.
Mr. Thornton filed a Petition to Partition Community Property subsequent to the parties' divorce. After trial, the trial court rendered judgment partitioning the property between the parties. The judgment did not include an award for one-half of the income from rental of the community-owned building as requested by Ms. Gatlin. The failure of the trial court to award Ms. Gatlin the requested rental income is the sole issue in this appeal.
At trial, the only evidence presented on the issue of rental income was the testimony of Mr. Thornton. He testified that he operated his barber business out of a portion of the building at issue, and rented out other parts of the building to several hairstylists. Mr. Thornton testified that he collected weekly rental payments of $55.00 from numerous tenants who rented space at different time periods over the course of several years. He stated that the arrangement he had with the hairstylists to whom he rented space was that they paid him rent, and he paid the utilities and purchased the supplies they needed to do their jobs. These supplies included shampoos, sprays, gels, hair color and other hair styling products. Mr. Thornton testified that his expenses for the hairstylists' supplies and utilities exceeded the amount he received in rent, and therefore, there was no profit derived from the rental arrangement.
Mr. Thornton admitted that he did not keep any records of his expenses. However, Ms. Gatlin did not offer any evidence to rebut Mr. Thornton's testimony that he made no profit from the rental of the building owned jointly by him and Ms. Gatlin.
Louisiana Civil Code article 798 states:
Co-owners share the fruits and products of the thing held in indivision in proportion to their ownership.
When fruits or products are produced by a co-owner, other co-owners are entitled to their shares of the fruits or products after deduction of the costs of production.
Louisiana Civil Code article 551 defines fruits as "things that are produced by or derived from another thing without diminution of its substance." Article 551 also states that there are two kinds of fruits, natural and civil, and civil fruits are "revenues derived from a thing by operation of law or by reason of a juridical act, such as rentals, interest, and certain corporate distributions." In this case, Mr. Thornton's testimony established that no fruits were derived from the rental arrangement at issue because the expenses incurred for supplies and utilities exceeded the rental payments. The trial court found Mr. Thornton to be a credible witness, and denied Ms. Gatlin's claim for reimbursement of rental income.
*738 When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). After review of the record, we conclude that the trial court's credibility determination was reasonable, and the denial of Ms. Gatlin's claim for reimbursement of rental income was neither manifestly erroneous nor clearly wrong.
For these reasons, we affirm the trial court judgment.
AFFIRMED